### Charles A. Williams and Konstantin Zillhart v. Margaret A. Wallace.

1. POSSESSION—*What is Sufficient to Maintain Replevin.*—A person gave his note for the accommodation of a plumber, in payment for a lot of tools and stock in trade, and took from him an absolute bill of sale of the tools and stock; the plumber went through the formality of delivering possession by handing over the key to the shop containing the stock and tools, which was immediately returned to him. Afterward such person took possession of the property and put a padlock on the door, and placed a custodian in charge. *Held*, that the possession was sufficient to protect him against the liens of execution issued subsequent to taking such possession.

2. PRACTICE—*Propositions of Law.*—A court is not bound to hold as law every proposition that a party may choose to submit, and the holding of one of two propositions, both of which embody the same principle of law, is all it is bound to do.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

KRAFT, WILLIAMS & KRAFT, attorneys for appellants, contended that where the property is of such a character as to

Williams v. Wallace.

be capable of being removed, there must be a real and permanent delivery and continued change of possession to enable the purchaser to hold the property against an officer levying an execution upon it for the debt of the vendor. And if the property is permitted to remain with the vendor the sale will be deemed fraudulent in law as to creditors and subsequent purchasers, although it may have been made in good faith and for an adequate consideration. Curran v. Bernard, 6 Ill. App. 343; Allen v. Carr, 85 Ill. 388; Tecknor v. McClelland, 84 Ill. 471; Thompson v. Wilhite, 81 Ill. 356; Thornton v. Davenport, 1 Scam. 73; Reed v. Eames, 19 Ill. 595; Rozier v. Williams, 92 Ill. 187; Johnson v. Helloway, 82 Ill. 334; Gradle v. Kern, 100 Ill. 564; Harts v. Jones, 21 Ill. App. 150; Kitchell v. Bratton, 1 Scam. 300; Wood v. Loomis, 21 Ill. App. 604.

In case of an unconditional sale of specific chattels delivery is not essential to complete the sale and pass the title as between the parties, where by the agreement nothing remains to be done but for the purchaser to take possession. But as to creditors and *bona fide* purchasers, the rule is different, as a delivery is indispensable to complete the sale so as to render it valid against them. Haschle v. Morris, 131 Ill. 593; Thompson v. Wilhite, 81 Ill. 356; Lefever v. Mires, 81 Ill. 456; Ticknor v. McClelland, 84 Ill. 471; Broadwell v. Howard, 77 Ill. 305; Rozier v. Williams, 92 Ill. 187; Burnell v. Robertson, 5 Gilm. 282; Dunlap v. Berry, 4 Scam. 327.

It is a well settled rule of law that a purchaser of personal property, in order to acquire title as against creditors of vendor or purchasers without notice, must reduce it to actual possession before their rights attach. Curran v. Bernard, 6 App. 343; Lewis v. Swift, 54 Ill. 436; Broadwell v. Howard, 77 Ill. 305; Lefever v. Mires, 81 Ill. 456; Richardson v. Rardin, 88 Ill. 124.

Borman & McGrath, attorneys for appellee.

As between the parties, delivery is not essential to the completion of a sale of a chattel, which may remain with the vendor any length of time if taken by the vendee before

any lien attaches to it in the hands of the vendor, provided the transaction is conducted in good faith. Cruikshank v. Cogswell, 26 Ill. 366.

The question whether a mortgagee or pledgee of chattels has taken possession of the property before he had a right to do so under the terms of the mortgage or pledge, is one which concerns the mortgagor or pledgor alone, and can not be raised by third persons who had no lien upon the property at the time the possession was taken. Gaar v. Hurd, 92 Ill. 315.

In the absence of actual fraud, an instrument of conveyance of chattels constructively fraudulent, as against creditors of the vendor or mortgagor, because of some defect or omission therein, or in the acknowledgment or recording thereof, may be purged of fraud by the taking and retaining of possession of the chattels by the vendee or mortgagee, provided such possession is taken before creditors acquire any lien thereon. Read v. Wilson, 22 Ill. 376; Gaar v. Hurd, 92 Ill. 315; Wilson v. Pearson, 20 Ill. 81; Gifford v. Wilson, 18 Ill. App. 214; Webber v. Mackey, 31 Ill. App. 369; Pinkstaff v. Cochran, 58 Ill. App. 72; Daggett v. Bates, 26 Ill. App. 369.

Where a mortgagee of chattels has taken possession of the property under his mortgage, as to the rights of third persons subsequently acquired, it is immaterial whether the mortgage was acknowledged before the proper officer, or indeed, whether it was acknowledged at all. Gaar v. Hurd, 92 Ill. 315; Chipron v. Feikert, 68 Ill. 284.

Before a mortgagee or pledgee or other lien holder, in lawful possession of chattels, can be deprived of that possession by a subsequent judgment creditor of the owner, such creditor must tender to the lien holder in possession the amount of his lien. Cobbey on Replevin, Sec. 532.

A wrongful refusal of a court trying a cause without a jury to hold propositions of law, will not cause reversal of a judgment which is clearly correct. North, etc., R. Co. v. Lake View, 105 Ill. 207.

It is not error to refuse a proposition of law already em-

bodied in another which is held. O'Bannon v. Vigus, 32 Ill. App. 473.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of replevin brought by appellee to recover certain plumbers' tools and stock in trade, which had been levied upon by the appellants as the property of the firm of Aiken & Jorgens, valued at $250.

The circumstances under which appellee claimed the property were in substance as follows:

Said firm, in order to secure appellee for giving her note for their use for $276.89, dated July 31, 1895, and payable sixty days after date, made and delivered to appellee an absolute bill of sale of the property in question, situated in their shop. There was, within a week afterward, a formality gone through by the parties of delivering possession of the property by handing to appellee the key to the shop, which she at the same interview returned to them, and they kept on in possession and doing business, as before, until September 6th following.

On September 5th word was sent by one of the firm to the appellee that the other member of the firm was collecting money of the firm and not accounting for it, and that she had better take steps to protect herself.

Accordingly, on September 6th, she went to the shop and finding nobody there, she managed, with assistance, to obtain admittance a little after noon, and certainly before two o'clock in the afternoon, and took possession of the property in question by virtue of the bill of sale.

She then put a padlock upon the door, nailed up her own cards on the door, and placed a custodian in possession, who remained there continuously, except when relieved by the appellee for time to get his meals, during the day and night, and until the executions in question were levied and the property taken from appellee on the following morning.

The judgments upon which the executions were issued were recovered before a justice of the peace on the afternoon of September 6th, and the executions thereon were issued

and delivered to a constable ten or fifteen minutes before three o'clock of that afternoon.

The cause was submitted to the court without a jury, and he found in favor of the appellee.

There was some conflict in the evidence concerning the fact of possession by the appellee prior to the delivery of the executions to the constable, but we must regard the finding of the trial court in that matter as final, and we may add justifiably so, in our opinion, upon a fair review of all the evidence.

The appellants submitted to the trial court twenty propositions of law, of which one-half were held and the other half refused.

Complaint is made that the holding of some of such propositions and the refusal of others manifested an inconsistency by the court in the view it took of the law of the case. That does not necessarily follow. The court was not bound to hold as law every proposition that the appellant chose to submit, and the holding of one of two propositions, both of which embodied the same principle of law, was all that the court was bound to do, or that the appellants had a right to ask. We have examined the propositions in respect of which fault is found, but find no error.

Under the evidence the appellee had a clear right to take possession of the goods described in the replevin writ, either with or without the consent of her vendors, and having done so before the executions became a lien upon them, her right to maintain replevin for them was secure; and she having been obliged to pay the note, for indemnity or security against which the bill of sale was made to her, it would be palpably unjust that appellants should be permitted to keep the goods from her.

The judgment was right, and it is affirmed.